**PLATZER, SWERGOLD, KARLIN
LEVINE, GOLDBERG & JASLOW, LLP**
Attorneys for Plaintiff
1065 Avenue of the Americas, 18th Floor
New York, New York 10018
Tel:(212) 593-3000
Fax:(212) 593-0353
Linda Mandel Gates (LMG-4953)

UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
STERLING NATIONAL BANK,

                          Plaintiff,
    v.                                                  Case No. 1:07-CV-8709 (RPP)

COMPUTER SOLVERS, INC.,JEROME N.
GREENBERG, TERRI G. NOEL a/k/a
TERRY LYNN GREENBERG a/k/a ,
TERRY NOEL a/k/a TERRY L. GREENBERG,

                          Defendants.
-------------------------------------------------------------x

<u>**MEMORANDUM OF LAW IN SUPPORT OF STERLING'S MOTION FOR
SUMMARY JUDGMENT AS TO GREENBERG AND A DEFAULT JUDGMENT AS TO
COMPUTER SOLVERS AND NOEL**</u>

      This Memorandum of Law is submitted by the plaintiff, Sterling National Bank ("Sterling") in support of Sterling's motion as pursuant to Rule 56 of the Federal Rules of Civil Procedure for an Order: (1) granting plaintiff Sterling National Bank (the "Plaintiff" or "Sterling") summary judgment against defendant Jerome N. Greenberg ("Greenberg");(2) dismissing Greenberg's Answer dated November 7, 2007 (the "Answer") on the grounds that there are no triable issues of fact and that judgment in favor of Plaintiff is warranted

as a matter of law; (3) pursuant to Rule 55 of the Federal Rules of Civil Procedure directing entry of a default judgment against Computer Solvers, Inc. (the "Corporate Defendant" or "Computer Solvers") and Terry G. Noel a/k/a Terri Lynn Greenberg a/k/a Terry Noel a/k/a Terri L. Greenberg ("Noel"); and, (4) granting such other and further relief as the Court deems just and proper.

## STATEMENT OF FACTS

The facts are fully set forth in the Affirmation of Linda Mandel Gates, dated July 1, 2008, the Affidavit of Benjamin Katz sworn to on the 30th day of June 2008, and the exhibits thereto, and are incorporated herein by reference.

## POINT I

## PLAINTIFF IS ENTITLED TO A DEFAULT JUDGMENT AGAINST COMPUTER SOLVERS, INC. AND NOEL

Federal Rules of Civil Procedure ( "Fed. R. Civ. P.") Rule 55 (a) provides that a plaintiff may request the Clerk of the Court to enter default against a defendant who "has failed to plead or otherwise defend as provided by theses rules."

Following entry of default, the plaintiff may then obtain a judgment by default pursuant to Rule 55 (b). If the plaintiff's claim is for a sum certain, and the defendant has not appeared, the Clerk of the Court can enter a judgment. Fed. R. Civ. P. 55 (b) (1)

In the case at hand, Computer Solvers, Inc. and Noel have failed to answer the Summons and Complaint and they are in default. To date, these Defendants have failed to appear, interpose an Answer or move in any way to cure their defaults in appearing herein. Therefore, the Court should enter a default judgment against them.

## POINT II
## STANDARD FOR THE SUMMARY JUDGMENT

The standard for summary judgment relief is well settled. Summary judgment is appropriate when there are no genuine issues of material fact. Fed. R. Civ. P. 56(c);see also: Sidney v. Wilson, WL 4208626 at 2 (S.D.N.Y Nov. 21, 2007) "Summary judgment shall be granted when there is no genuine issue of material fact...";

Rule 56(e) of the Fed. R. Civ. P. expressly provides: "When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial."

Accordingly, the non-movant bears the burden of overcoming the motion for summary judgment by showing that there exists an issue of material fact for which trial is required. "If the party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party." Rule 56(e)of the Fed. R. Civ. P.

It is very well established that in order for a non-movant to meet its burden and defeat a motion for summary judgment, it may not rely on "mere allegations". Anderson v. Liberty Lobby, Inc., 477, 250-251 U.S. 242 (1986).Although summary judgment is inappropriate when an issue to be resolved is both genuine and related to disputed material fact, an alleged factual dispute regarding immaterial or minor facts between the parties will not defeat an otherwise properly supported motion for summary judgment. Howard v. Glenson Corp.,901 F. 2d 1154,1159(2nd Cir. 1990). Moreover, "the existence of a mere scintilla of evidence in support of nonmovant's position is insufficient to defeat

the motion; there must be evidence on which a jury could reasonably find for the nonmovant." Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986)."The nonmovant... must demonstrate more than some metaphysical doubt as to the material facts" and come forward with "specific facts showing that there is a genuine issue for trial". Aslanidis v. United States Lines, Inc.,7 F3d 1067, 1072 (2nd Cir., 1993); Rose v. Bethel, 2007 WL 2476389 at 6-7(S.D.N.Y Aug. 29, 2007).

## POINT III

### STERLING'S MOTION FOR SUMMARY JUDGMENT AGAINST GREENBERG SHOULD BE GRANTED BASED ON DOCUMENTARY EVIDENCE

Sterling's claim against Greenberg is appropriate for a determination of summary judgment because the terms of the Agreement dated October 8, 1999 (the "LSSA"), executed by Computer Solvers and the Guarantees of the Guarantors (the "Guaranty") are clear and unambiguous. "At the summary judgment stage, nonmoving party must offer some hard evidence showing that its version of the events is not wholly fanciful". See: Jeffreys v. City of New York, 426 F3d 549-551 (2nd Cir. 2005), quoting D'Amico v. City of New York, 132 F.3d 145-139 (2d Cir. 1998). See also: Law Office of Curtis V. Trinko, LLP v. Verizon Communications Inc., 2006, WL 2792690 (S.D.N.Y.);

Computer Solvers, Inc. defaulted under the terms of the LSSA by failing to remit monthly payments of principal and interest when due and by its cessation of business operations. Based on the express language of the Guaranty, Greenberg is liable for Computer Solvers' obligations to Sterling.

In light of the facts herein and the strong documentary evidence, this Court must come to the conclusion that Plaintiff's Motion for Summary Judgment should be granted.

## POINT IV

## AFFIRMATIVE DEFENSES MUST BE SUFFICIENTLY PLEADED

New York Courts have been clear that, "the nonmoving party must produce evidence in the record and may not rely simply on conclusory statements..." <u>Ying Jing Gan v. City of New York,</u> 996 F.2d 522-532 (2d Cir. 1993). See also, <u>Scotto v. Almenas,</u> 143 F. 3d 105, 114-115 (2d Cir. 1998) where Court stated that "the non-moving party may not rely on conclusory allegations or unsubstantiated speculation". Further more, "[t]he non-moving party must produce evidence in the record and may not rely simply on conclusory statements or on contentions..." <u>Consol. Edison,</u> 332 F. Supp.2d at 643. "Speculation alone is insufficient to defeat a motion for summary judgment". <u>McPherson v. New York City Dept. of Education</u>, 457 F. 3d 211, 2006 WL 1967033 (2nd Cir.2006).

In the case at hand, Greenberg has failed to demonstrate any documentary proof to substantiate his Affirmative Defenses. As set forth in Gates Affirmation, Greenberg asserts "failure to mitigate the damages" as a separate affirmative defense. However, his defense serves solely as a boilerplate because he does not introduce any evidence or facts to substantiate his defense. In addition, Greenberg makes reference to a purported settlement agreement between the parties. However Greenberg's allegation is nothing more than an unsubstantiated, conclusory assertion which is insufficient to defeat Plaintiff's Motion. Similarly, Greenberg has failed to introduce any facts or evidence of the purported settlement agreement. Consequently, the First and Second Affirmative Defenses are frivolous and should be stricken.

## POINT V

## GREENBERG HAS FAILED TO SUFFICIENTLY PLEAD WAIVER AND ESTOPPEL

Greenberg asserts the doctrines of "Waiver" and "Estoppel" as Affirmative Defenses in his Answer. Is respectfully submitted that Greenberg has failed to plead any of the predicate facts to support either defense.

Estoppel is an equitable doctrine designed to prevent an unjust result—not to cause one. 57 N.Y.Jur.2d Estoppel and Waiver, §4. Its underlying basis is some inequitable or fraudulent conduct engaged in by the adverse party. Redington v. Hartford Accident and Indemnity Co., 463 F. Supp. 83, 86 (S.D.N.Y., 1978). It requires deliberate deception. Royal Mortgage Corp. v. Federal Deposit Insurance Corp., 20 F. Supp.2d 664, 669 (S.D.N.Y. 1998), aff'd, 194 F. 3d 389, 390 (2nd Cir. 1999). It must be established upon clear and convincing proof. Brooks ex rel. Estate of Bell v. The Topps Co., Inc., 2007 WL 4208626 at *5-6 (S.D.N.Y. December 21, 2007).

A key principal is that the doctrine of equitable estoppel *cannot* be used to create a right that does not already exist. Chemical Bank v. City of Jamestown, 122 A.D.2d 530, 531, 504 N.Y.S.2d 908 (4th Dep't., 1986). Especially germane to the facts at bar "[w]here fraud is not expressly proved, estoppel cannot be based on acts or conduct consistent with honest purpose...". 57 N.Y.Jur.2d Estoppel and Waiver, §72 (emphasis added). The party against whom an estoppel is sought must be shown to have had both the knowledge of the true facts *and* the intent to deceive, each of which is a separate element of the doctrine of equitable estoppel. Bingham v. Zolt, 823 F.Supp. 1126,1132 (S.D.N.Y., 1993), aff'd, 66 F. 3d 553 (2nd Cir. 1995).

The party seeking to enforce an estoppel must show that it reasonably relied on the representation or act of the party against whom an estoppel is sought. Bank of New York v. Murphy, 230 A.D.2d 607, 608, 645 N.Y.S.2d 800, 802 (1st Dep't., 1996). Such party must not have had the means to determine truth. Jordan v. Ford Motor Co., 73 A.D.2d 422, 426 N.Y.S.2d 359 (4th Dep't., 1980). Reasonable diligence is required. See, Renz v. Beeman, 589 F.2d 735 (2nd Circuit, 1978), and a party who is derelict may not assert estoppel. 57 N.Y.Jur.2d Estoppel and Waiver, §35.

The elements of estoppel must be pleaded with particularity. Del Sonno v. American International Life Insurance Co. of New York, 148 A.D.2d 800, 538 N.Y.S.2d 382 (3rd Dep't., 1989). The burden of proof lies with the party seeking the application of the doctrine and "[e]ach element must be established by clear, convincing and entirely satisfactory evidence, leaving nothing to inference or speculation". 57 N.Y.Jur.2d Estoppel and Waiver, §72 (emphasis added).

In applying the doctrine of estoppel to the facts at bar, the Defendant cannot demonstrate a right to relief because he did not plead any facts whatsoever giving rise to equitable estoppel. Furthermore, in the case at hand there is a valid contract between the parties. Therefore, the Defendant cannot invoke the doctrine of estoppel since rights created under the contract are valid and do not require equitable relief.

In addition, the Defendant has failed to plead any of the predicates for the defense of Waiver to substantiate his Fourth Defense. Waiver is an intentional relinquishment of a know right. See, Ingersoll Milling Machine Co. v. M/V Bodena, 829 F. 2d 293, 300 (2nd Cir. 1987). The conduct constituting the waiver must be clear and unequivocal and never lightly

inferred. Mooney v. City of New York, 219 F. 3d 123,131 (2nd Cir. 2000). The party asserting waiver bares a "weighty burden". Id.

## POINT VI

## GREENBERG WAIVED THE DEFENSE OF LACHES IN HIS GUARANTY, AND AS TO UNCLEAN HANDS AND LACHES, GREENBERG CANNOT PLEAD EQUITABLE DEFENSES IN A CONTRACT ACTION

As set forth in the accompanying Gates Affirmation, the Affirmative Defense of Laches must be stricken because Greenberg expressly waived this defense in his Guaranty. Moreover, Laches is an equitable defense that bars plaintiff's equitable claim where she or he is guilty of unreasonable and inexcusable delay that has resulted in prejudice to the defendant". Brennan v. Nassau County, 352 F. 3d 60 (2d Cir. 2003), citing Ikelionwu v. United States, 150 F. 3d 233, 237 (2d Cir.1998). Here, Greenberg has failed to plead any facts demonstrating that the Plaintiff caused any kind of delay which would prejudice the Defendant. Furthermore, the case law in New York is clear that the doctrine of laches and unclean hands are applied by Courts when there is an equitable relief sought by the parties to the action. In the case at hand, Plaintiff's claim is based on grounds arising from the breach of contract. Therefore, Plaintiff's claim a subject to legal defenses, not to equitable defenses such as laches or unclean hands. Martina Theater Corp., v. Schine Chain Theaters, Inc., 287 F.2d 798 (2d Cir. 1960); Brennan v. Nassau County, 352 F. 3d 60 (2d Cir. 2003). Moreover," the defendant who invokes the doctrine of unclean hands has the burden of proof". Liz Claiborne, Inc. v. Mademoiselle Knitwear, Inc., 13 F. Supp. 2d 430-439 (S.D.N.Y. 1998). Greenberg has clearly failed to meet his burden of proof. Consequently, based upon the foregoing, each of the Defendant's Third, Fourth, Fifth and Sixth Affirmative

Defenses lack any facts to substantiate Defendant's allegations and as such the Defenses are each fatally deficient. Consequently, Defendant's Third, Fourth, Fifth and Sixth Affirmative Defenses are insufficient and should be stricken.

## CONCLUSION

It is respectfully submitted that summary judgment should be granted against Greenberg and a default judgment issued against Computer Solvers and Noel. Sterling is entitled to summary judgment based on the LSSA, the Guarantees, and Defendants' respective defaults thereunder. There are no triable issues of fact herein and the interpretation of the documents is a question of law for this Court. Sterling is, therefore, entitled to summary judgment against Greenberg for the grounds asserted in its Complaint and to the default judgment against Computer Solvers and Noel as they have failed to Answer the Complaint, together with such other and further relief as this Court deems just and proper.

Dated: New York, New York
July 1, 2008

Respectfully submitted,

PLATZER, SWERGOLD, KARLIN
LEVINE, GOLDBERG & JASLOW, LLP
Attorneys for Plaintiff

_____
Linda Mandel Gates (lmg4953)
1065 Avenue of the Americas, 18th Floor
New York, New York 10018
Tel: (212) 593-3000
Fax: (212) 593-0353