UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

STERLING NATIONAL BANK,

                        Plaintiff,                          CIVIL ACTION
        v.                                                  Case No.:07-CV-8709

COMPUTER SOLVERS, INC.,JEROME N.                    **AFFIDAVIT IN SUPPORT**
GREENBERG, TERRI G. NOEL a/k/a                      **OF MOTION**
TERRY LYNN GREENBERG a/k/a ,
TERRY NOEL a/k/a TERRY L. GREENBERG,

                        Defendants.
-----------------------------------------------------x

STATE OF NEW YORK          )ss.:

COUNTY OF NEW YORK         )

        BENJAMIN KATZ, being duly sworn, deposes and says:

        1.      I am a First Vice President for Sterling National Bank ("Sterling" or

"Plaintiff"), the plaintiff herein, and I submit this affidavit based upon my personal

knowledge and upon my review of the books and records maintained by Sterling in

connection with the Defendants' account.

        2.      This Affidavit is submitted in support of Sterling's motion for an Order:

(1) pursuant to Rule 56 of the Federal Rules of Civil Procedure granting the Plaintiff

summary judgment against Jerome Greenberg for the relief demanded in the Complaint

dated October 2, 2007; (2) dismissing Greenberg's Answer on the grounds that there

are no triable issues of fact and that judgment in favor of Plaintiff is warranted as a

matter of law; (3) pursuant to Rule 55 of the Federal Rules of Civil Procedure directing

entry of a default judgment against Computer Solvers, Inc. (the "Corporate Defendant"

or "Computer Solvers") and against Terry G. Noel (the "Guarantor" or "Noel") (Noel, jointly with Greenberg referred to as the "Guarantors"); and, (4) granting such other and further relief as the Court deems just and proper.

3.    Sterling instituted this action against Computer Solvers and the Guarantors in order to recover the principal amount and interest accrued thereon, plus attorneys' fees and expenses pursuant to the terms of the LSSA, as defined below, plus the costs and disbursements of this action.

## I. COMPUTER SOLVERS DEFAULTED UNDER THE LSSA AGREEMENT BY VIRTUE OF ITS FAILURE TO MAKE THE REQUIRED MONTHLY PAYMENTS AND ITS CESSATION OF BUSINESS OPERATIONS

## A. THE LOAN, SECURITY AND SERVICE AGREEMENT

4.    On or about October 8, 1999, the Corporate Defendant entered into a Loan, Security and Service Agreement ("LSSA") with the Plaintiff whereby the Corporate Defendant was granted a revolving line of credit by the Plaintiff. A copy of the LSSA is annexed as Exhibit "A" to the Complaint, which is annexed hereto and made a part hereof as Exhibit "A" to the Motion.

5.    Paragraph numbered "1.1(b)(I)"of the LSSA provides that the Corporate Defendant could borrow from Plaintiff up to the Advance Limit defined therein in the aggregate amount of $500,000.00 or 75% of the amount of the Corporate Defendant's Eligible Receivables as defined in the LSSA.

6.    Paragraph numbered "1.1(b)(ii)" of the LSSA provides that the Plaintiff could, in its discretion, increase the amount of the Advance Limit.

7.    The LSSA provides for interest to be paid upon the outstanding balance in the amount of the greater of 18.5% or 10% above the Base Rate, as defined therein.

2

8.    The LSSA also provides that the Corporate Defendant granted Plaintiff a first priority continuing security interest in certain Collateral, as defined in Article numbered "2" of the LSSA, including but not limited to, such Corporate Defendant's inventory and account receivables.

9.    With respect to defaults, the LSSA provides that:

7.    DEFAULT
The occurrence of any of the following shall constitute an event of default ("Event of Default"):

7.1    Failure to Pay.  Failure to pay an Obligation or part thereof, including any installment of principal or interest or other charges due and owing to Lender ...when due;

7.2    Failure to Perform.  Failure to perform or abide by any covenant contained in this Agreement or the Relevant Documents;

7.3    Cross Default; Default on Other Debt.  The occurrence of any default on any obligation or indebtedness of ... any guarantor of Borrower ...

7.4    False Representation or Warranty.  The Borrower shall have made any representation or warranty in this Agreement ...which is at any time found to have been false in any material respect at the time such representations or warranty was made or thereafter.

.
.
.

7.8    Change in Condition.  There occurs any change in the condition or affairs, financial or otherwise, of Borrower or of any endorser, guarantor of Borrower or surety for the liability of Borrower to Lender which in the opinion of Lender impairs Lender's security or increases its risk;

.
.
.

7.10    Insecurity. At any time the Lender deems itself insecure.

10.    Events of Default have occurred with respect to the LSSA by virtue of the following events, which defaults have occurred independently and cumulatively with respect to the Corporate Defendant and Guarantors:

(a)    Corporate Defendant's failure to pay all amounts due pursuant to

3

the LSSA including but not limited to, repayment of Advances (as defined in the LSSA) and interest, following demand therefore and/or subsequent to the occurrence of other events requiring the payment in full of all sums outstanding under the LSSA;

(b)     Cessation of business operations of the Corporate Defendant, in violation of, inter alia, Sections 3.6 and 5.2;

(c)     Guarantor Greenberg's default of other obligations which have been declared in default and due prior to its date of maturity.

11.     By letter dated April 23, 2007, demand was made upon the Corporate Defendant for payment of Corporate Defendant's debt to the Plaintiff. A copy of the demand letter is annexed to the Complaint as Exhibit "B".

12.     As of this date, no part of the amount due and owing to the Plaintiff has been paid by the Corporate Defendant.

13.     Pursuant to section "8.5" of the LSSA, the Corporate Defendant agreed to pay Plaintiff's attorneys' fees in the amount of 15% of the Obligations, as defined, plus disbursements in the event of a default.

14.     A spreadsheet detailing the current amount of outstanding debt was prepared at my instruction for this Motion and is annexed hereto and made a part hereof as Exhibit "D". I have reviewed the spreadsheet and confirm its accuracy. The amounts set forth on Exhibit "D" differ from the amount demanded in the Complaint. I now understand that the Complaint contains an error in the amount demanded because interest was not calculated properly for the Complaint. The amounts set forth on Exhibit "D" include properly calculated interest through and including June 6, 2008.

15.    As a result of the foregoing, the Corporate Defendant is indebted to the Plaintiff in the total amount of $703,616.06, with interest continuing to accrue thereon from June 7, 2008 to the date of entry of judgment herein at the rate of 18.5%, plus attorneys' fees and expenses pursuant to the terms of the LSSA in the amount of $105,542.40, plus the costs and disbursements of this action.

## B. THE GUARANTEES AND GUARANTORS' LIABILITY

16.    In connection with the LSSA and in consideration of financial accommodations given or to be given by Plaintiff to the Corporate Defendant and to induce the Plaintiff to extend credit to the Corporate Defendant, on or about October 8, 1999, each of the Guarantors executed a guaranty (the "Guarantees"), copies of which are annexed to the Complaint as Exhibits "C" and "D", respectively.

17.    Each of the Guarantees provide, in pertinent part, that:

> [T]he undersigned [Guarantor] ... absolutely and unconditionally guarantee the full and prompt payment when due, by acceleration or otherwise, and at all times thereafter, to Bank, its successors, transferees, and assigns, of any and every liability or liabilities in any amount, of any nature and in any form, now existing or hereafter arising, of or from ... Obligor to Bank...whether absolute or contingent, direct or indirect, secured or unsecured...and any and all expenses including attorneys' fees... (Liabilities).

18.    The Guarantors each agreed that they would be jointly and severally liable to the Plaintiff for the Corporate Defendant's Liabilities, as defined in the Guarantees, to the Plaintiff.

19.    Demand letters were sent to the Guarantors on September 19, 2006, February 5, 2007 and April 23, 2007.  Copies of the demand letters are annexed collectively to the Complaint as Exhibit "E".

5

20.    By virtue of the Corporate Defendant's default, the Guarantors are each liable to the Plaintiff in an amount of $703,616.06, with interest continuing to accrue thereon from June 7, 2008 to the date of entry of judgment at the rate of 18.5%, plus attorneys' fees and expenses in the amount of $105,542.40, and the costs and disbursements of this action.

## C. THE ALLEGED SETTLEMENT AGREEMENT

21.    I am advised by counsel that Mr. Greenberg has claimed that there is a purported settlement agreement between Plaintiff and himself which he alleges relieves him of his obligations to the Plaintiff as a result of Computer Solvers' indebtedness. Mr. Greenberg has not provided details or a copy of the alleged agreement which he is allegedly relying upon. I am advised by counsel that as a result of Mr. Greenberg's failure to provide evidence of the alleged documentary support for his defense, the defense must be stricken.

WHEREFORE, your affiant respectfully requests that the Court grant an Order:

(1) pursuant to Rule 56 of the Federal Rules of Civil Procedure granting summary judgment against Jerome Greenberg for the total amount of $703,616.06, with interest continuing to accrue thereon from June 7, 2008 to the date of entry of judgment at the rate of 18.5%, plus attorneys' fees and expenses pursuant to the terms of the LSSA in the amount of $105,542.40, plus the costs and disbursements of this action;

(2) pursuant to Rule 55 of the Federal Rules of Civil Procedure directing that a default judgment be entered against Computer Solvers, Inc. and Noel for the total amount of $703,616.06, with interest continuing to accrue thereon from June 7, 2008 to

6

the date of entry of judgment at the rate of 18.5%, plus attorneys' fees and expenses pursuant to the terms of the LSSA in the amount of $105,542.40, plus the costs and disbursements of this action; and

(3) granting such other and further relief as the Court deems just and proper.

_____
Benjamin Katz

Sworn to before me this
30th day of June, 2008

_____
Notary Public

Atex A Eshmoili
Notary Public, State of New York
No. 01ES6150204
Qualified in Queens County
My Commission Expires 07/24/2010

7